*First Judicial District.*

## In the District Court of Philadelphia.

### (*In Equity.*)

## DYER v. THE PEOPLE'S BANK.

A creditor who denies in his answer a married woman's title to real estate, and alleges that the property belongs to her husband, will not be enjoined from levying on it and selling it as the husband's property. Under such circumstances a Court of Equity will not investigate the title but leave the parties to contest it at law.

**Motion for a preliminary injunction.**

Opinion delivered January 17, 1874, by

THAYER, J. The plaintiff is a married woman, and it appears by the bill and affidavits filed, that the defendants, having recovered a judgment against her husband, have issued a fi. fa. against him under which there has been a levy and condemnation of a lot of ground which is alleged to be the sole and separate estate of the wife, and the defendants are about to have the same sold upon execution by the sheriff. She therefore seeks to enjoin the defendants from so doing. The bill sets forth very minutely the manner in which the plaintiff's title was derived and the payment of a

portion of the purchase money by the plaintiff out of her separate estate. The answer, while it does not explicitly deny all the material allegations of the bill, nevertheless denies the fact of the wife's ownership, controverts her title, and alleges that the real ownership is in the husband. It charges that the property in question was conveyed to the plaintiff by Joseph Shantz about six weeks after a conveyance had been made to him by the husband of the plaintiff. That at the time of the conveyance the husband was insolvent, and that the property is worth much more than the plaintiff alleges she paid for it.

The plaintiff relies on Hunter's Appeal, (4 Wright, 194). But it is to be observed that the circumstances under which Hunter's Appeal was decided were peculiar. In that case there was no denial of the wife's title and ownership. The defence was rested solely upon the ground that the injunction ought not to be awarded because the plaintiff had an adequate remedy at law by defending her title in an action of ejectment, to which the sheriff's vendee must be put in order to assert his right to the possession. The present case is quite different. Here the wife's title is peremptorily denied, facts averred which, to say the least, bring its validity in question and throw upon her the burthen of establishing by competent evidence that it was fairly and honestly acquired by her own separate means. Such an inquiry, by the practice of the courts of this State from the foundation of the commonwealth, has always been conducted through the instrumentality of an action at law and the verdict of a jury. Where her title is denied a married woman cannot prevent her husband's creditor from contesting her title in the usual manner, or withdraw the decision of the facts from a jury by means of the summary process of a court of Equity. If anybody has supposed that Hunter's Appeal is an authority for awarding an injunction, except in cases where the wife's ownership is not denied, he must correct his judgment by Winch's Appeal, (11 P. F. Smith, 424,) where the limits of the former decision are strictly defined, and the wife is remitted to the old remedy in all cases in which her title is challenged by her husband's creditor.

*Silas W. Pettit*, Esq., for the motion; *Charles Gilpin*, Esq., contra.